**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No.     **CV 25-9961-JFW(RAOx)** | Date:  January 6, 2026 |

Title:     Theodore Nelson -v- Textron Ground Support Equipment, Inc., et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**
None

**ATTORNEYS PRESENT FOR DEFENDANTS:**
None

**PROCEEDINGS (IN CHAMBERS):**     ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

On September 10, 2025, Plaintiff Theodore Nelson ("Plaintiff") filed a Complaint against Defendants Textron Ground Support Equipment, Inc. ("Textron"), Tug Technologies Corporation ("Tug"), Airport Terminal Services, Inc., and Alliance Ground International.  On October 17, 2025, Textron filed a Notice of Removal, alleging that this Court had jurisdiction based on diversity pursuant to 28 U.S.C. § 1332(a).  In its Notice of Removal, Textron alleged that "Alliance Ground International, Inc. is [a corporation] formed under the laws of the State of Delaware, with its principal place of business in the State of Florida.  Notice of Removal, ¶ 11.  However, in its Joinder in Textron's Opposition to Plaintiff's Motion to Remand, Alliance Ground International refers to itself as both AGI Cargo, LLC, f/k/a Alliance Ground International, LLC and Alliance Ground International, Inc.  *See* Docket No. 44, 1:6-8 and 2:4-5.  Based on Alliance Ground International's Joinder, it is impossible for the Court to determine if Alliance Ground International is a corporation or a limited liability company.  In addition, if it is a limited liability company, Textron failed to properly plead Alliance Ground International's citizenship in the Notice of Removal.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).

      In addition, diversity jurisdiction under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a).  With respect to a natural person, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state. *Id.* Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id*.  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*  A limited liability company is a citizen of every state of which its members are citizens.  *See*, *e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c). *See, e.g., Bank of America, N.A. v. Remington Place Homeowner's Association*, 836 Fed. Appx. 580, 581 (9th Cir. 2021) ("Bank of America alleges that Remington Place Homeowners' Association 'is a Nevada non-profit corporation,' but a corporation is a citizen of both its state of incorporation 'and . . . the State where it has its principal place of business'") (*quoting Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010)).

      Accordingly, the defendants are ordered to show cause, in writing, no later than **January 8, 2026**, why diversity jurisdiction exists and why this action should not be remanded to Los Angeles Superior Court for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  Failure to respond to this Order to Show Cause will result in the remanding of this action to Los Angeles Superior Court.

      IT IS SO ORDERED.