**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.    **CV 25-9961-JFW(RAOx)**                    Date:  January 13, 2026

Title:    Theodore Nelson -v- Textron Ground Support Equipment, Inc., et al.

═══════════════════════════════════════════════════════════════════════

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   **Shannon Reilly**                         **None Present**
   **Courtroom Deputy**                       **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                      None

**PROCEEDINGS (IN CHAMBERS):**       **ORDER DENYING PLAINTIFF'S MOTION TO REMAND
                                     ACTION TO THE SUPERIOR COURT OF THE STATE
                                     OF CALIFORNIA FOR THE COUNTY OF LOS
                                     ANGELES [filed 12/11/25; Docket No. 41]**

On December 11, 2025, Plaintiff Theodore Nelson ("Plaintiff") filed a Motion to Remand Action to the Superior Court of the State of California for the County of Los Angeles ("Motion").  On December 18, 2025, Defendant Textron Ground Support Equipment, Inc. ("Textron") filed its Opposition.  On December 18, 2025, Defendants AGI Ground Inc., f/k/a Airport Terminal Services ("AGI Ground") and AGI Cargo, LLC, f/k/a Alliance Ground International, LLC ("AGI Cargo") filed a Joinder in Textron's Opposition.  On December 29, 2025, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's January 12, 2026 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

I.    **Factual and Procedural Background**

On September 10, 2025, Plaintiff filed a Complaint in Los Angeles County Superior Court ("LASC") against Textron, Tug Technologies Corporation ("Tug")[1], AGI Ground, and AGI Cargo (collectively, "Defendants").  On November 17, 2025, Plaintiff filed a First Amended Complaint ("FAC") against Defendants, alleging causes of action for: (1) strict product liability (alleged against Textron and Tug); (2) negligent product liability (alleged against Textron and Tug); and (3)

_____
[1]  According to Textron, Tug is the former name of Textron, and Textron registered the name change in the State of Delaware on August 13, 2017.

Initials of Deputy Clerk  _sr_

negligence (alleged against all Defendants).  In his FAC, Plaintiff alleges that he was working as a ramp agent at Los Angeles International Airport ("LAX") on September 14, 2023, when he was severely injured.  Plaintiff's supervisor retrieved the bag of a passenger who had not boarded the flight from the cargo compartment and handed it to Plaintiff, who was standing on the ground next to the belt loader.[2]  According to Plaintiff, the belt loader was a Tug 660 belt loader, which was manufactured by Tug, and was provided by AGI Ground and/or AGI Cargo.

While attempting to grab the bag from his supervisor, the left sleeve of Plaintiff's uniform was pulled through the belt loader's conveyor belt, along with his left arm, causing his hand to get caught between the unguarded conveyor belt and the tension pulley/rollers of the belt roller. Immediately after pulling his hand out, Plaintiff noticed the skin on his left hand "hanging and flapping uncontrollably, and bleeding profusely from severe lacerations."  FAC, ¶ 23.  Plaintiff was transported to Ronald Reagan UCLA Medical Center, where he underwent surgery "for degloving injury with dopplerable radial pulses, avulsion of skin and lack of sensation to left thumb, left index finger, and left middle finger with concern for underlying fracture of his hand."  FAC, ¶ 24.

On October 17, 2025, Textron removed this action to this Court, alleging that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction.

## II.    Legal Standard

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.*").

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  A defendant may remove a civil action filed in state court to federal court if the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a). Generally, removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).

## III.    Discussion

In his Motion, Plaintiff does not dispute that diversity jurisdiction exists and, instead, argues

---

[2]  A belt loader is a piece of ground support equipment used primarily at airports to facilitate the transfer of luggage, cargo, and other items between the terminal and aircraft.

that this action should be remanded to LASC because it is nonremovable pursuant to 28 U.S.C. §
1445(c).  Specifically, Plaintiff argues that his claims "arise under" Section 1445 because AGI
Ground and AGI Cargo intend to file a motion to dismiss based on the California's workers'
compensation exclusive remedy doctrine.[3]  In its Opposition, Textron argues that Section 1445(c)
does not apply to this action because this action arises under common law tort theories, not the
workers' compensation laws of any state.

Under Section 1445(c), "[a] civil action in any State court arising under the workman's
compensation laws of such State may not be removed to any district court of the United States."
28 U.S.C. § 1445( c).  If Section 1445(c) applies, a case is not removable even if it presents a
federal question or diversity jurisdiction.  *Gutierrez v. McNeilus Truck & Mfg., Inc.*, 2019 WL
5302930, at *2 (N.D. Cal. Oct. 21, 2019) (*citing Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1244
(8th Cir. 1995)).  Although the Ninth Circuit has not defined "arising under" in the context of Section
1445(c), all courts that have addressed the issue agree that "arising under" in Section 1445(c) has
the same meaning as it does in 28 U.S.C. § 1331.  *Snelling Emp., LLC v. Cousins Packaging, Inc.*,
2015 WL 328402, at *1 (N.D. Cal. Jan. 23, 2015).  As applied to Section 1445(c), a civil action
"arises under" a state's worker's compensation law when: (1) the worker's compensation law
creates the plaintiff's cause of action; or (2) is a necessary element of the claim.  *Ramirez v. Saia
Inc.*, 2014 WL 3928416, at *2 (C.D. Cal. Aug. 12, 2014).  Section 1445(c) does not prohibit a
plaintiff from filing worker's compensation actions directly in federal court.  *Vasquez v. N. Cnty.
Transit Dist.*, 292 F.3d 1049, 1061 (9th Cir. 2002).

In this case, Plaintiff asserts claims for strict product liability, negligent product liability, and
negligence.  These claims sound in tort, not worker's compensation law.  *See Lee v. Terex Corp.*,
2023 WL 8587228, at *1 (N.D. Cal. Dec. 8, 2023); *see also Ramirez*, 2014 WL 3928416, at *4
(concluding that the plaintiff's wrongful discharge in violation of public policy claim did not "arise
under" California's workers' compensation laws because California's workers' compensation law
did not create the claim and, instead, the claim was created by California's tort liability system).  In
order to prevail on his claims, Plaintiff will have to prove the elements of negligence and strict and
negligent product liability under California common law.  As a result, Plaintiff's claims do not "arise
under" worker's compensation law, and Section 1445(c) does not prevent their removal.  *See, e.g.,
Ramos v. Crown Equipment Corporation*, 2024 WL 3201661 (C.D. Cal. June 26, 2024) (concluding
that the plaintiff's claims were removable because the plaintiff's "tort claims are completely
independent of and do not involve an adjudication of his worker's compensation benefits.  Instead,
to prevail on his claims, [the plaintiff] will have to prove the elements of negligence, breach of
warranty, strict liability, and negligence per se under California common law"); *see also Lee*, 2023
WL 8587228, at *1 (concluding that Lee's product liability and negligence claims were completely
independent of and did not involve an adjudication of worker's compensation benefits, that the
resolution of those claims did not involve, in any way, a dispute about the California Labor Code
sections that are part of the worker's compensation scheme, and, as a result, Section 1445(c) did
not prevent the removal of those claims).

To the extent that Plaintiff argues that AGI Ground and AGI Cargo may assert the workers'
compensation exclusivity rule as an affirmative defense, "the existence of federal jurisdiction

---

[3]  On December 3, 2025, AGI Ground and AGI Cargo answered Plaintiff's FAC.

Initials of Deputy Clerk _sr_

depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."
*See ARCO Env't Remediation, L.L.C. v. Dept. of Health and Env't Quality*, 213 F.3d 1108, 1113
(9th Cir. 2000).  In addition, Plaintiff failed to provide any legal authority demonstrating that Section
1445(c) requires a defendant's potential reliance on the workers' compensation exclusivity rule be
treated differently than other affirmative defenses for the purpose of determining federal
jurisdiction.

**IV.    Conclusion**

For all of the foregoing reasons, Plaintiff's Motion is **DENIED**.

IT IS SO ORDERED.

Initials of Deputy Clerk   sr